Ernest E. Badway, Esq. (EB-0105)
Colin R. Robinson, Esq. (CR-8072)
**SAIBER SCHLESINGER SATZ**
  **& GOLDSTEIN, LLC**
44 Wall Street, 12th Floor
New York, New York 10005
(212) 461-2323

*Attorneys for Plaintiff Cyberlux Corporation
and Donald F. Evans*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CYBERLUX CORPORATION<br><br>                Plaintiff,<br><br>vs.<br><br>AJW PARTNERS, LLC, AJW OFFSHORE, LTD., AJW QUALIFIED PARTNERS, LLC, and NEW MILLENNIUM CAPITAL PARTNERS II, LLC,<br><br>                Defendants. | DOCKET NO.: 07-cv-7808 (DAB)<br><br>Civil Action<br><br>**REPLY TO DEFENDANTS' IMPROPERLY PLEAD COUNTERCLAIMS**[1] |

Plaintiffs Cyberlux Corporation ("Cyberlux") and Donald F. Evans ("Evans") (collectively, "Plaintiffs"), by its undersigned attorneys, Saiber Schlesinger Satz & Goldstein, LLC, by way of Reply to improperly plead Complaint [sic], dated September 17, 2007 ("Complaint"), by Defendants Plaintiffs AJW Partners, LLC ("AJW Partners"), AJW Offshore, Ltd. ("AJW Offshore"), AJW Qualified Partners, LLC ("AJW

---

[1] We will use the appropriate designations for the parties as indicated in Cyberlux Corporation's first-filed, federal court action, 78-cv-7808 (DAB), and not Defendants' duplicative, later-filed state court action, now removed with Index No. 07-8367 (DAB). See Clarendon Nat. Ins. Co. v. Pascual, 2000 WL 270862, * 7 (S.D.N.Y. March 13, 2000) (indicating proper procedure in this context is to reduce Defendants' claims in second-filed suit to "counterclaim[s]").

{00501537.DOC}

Qualified"), New Millennium Capital Partners II, LLC ("New Millennium"), and AJW Master Fund, Ltd. (collectively, "Counterclaimants" or "Defendants"), state as follows.

## The Parties

1. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Plaintiffs deny the truth of the allegations contained in paragraph 6 of the Complaint, except admit that Cyberlux is a corporation organized under the laws of the State of Nevada, with its offices in Durham, North Carolina, and that Cyberlux's common stock is registered with the Securities and Exchange Commission ("SEC"), and its shares are publicly traded on the NASDAQ over the counter bulletin board ("OTC-BB") under the symbol "CYBL.OB."

7. Plaintiffs deny the truth of the allegations contained in paragraph 7 of the Complaint, except admit that Donald F. Evans is an officer of Cyberlux.

Jurisdiction and Venue

8.     Plaintiffs deny the truth of the allegations contained in paragraph 8 of the Complaint to the extent that Counterclaimants allege in paragraph 8 that the Supreme Court of the State of New York, County of New York, has jurisdiction over this action or that said court is the appropriate venue of this action.  Plaintiffs also aver that Cyberlux first filed a Complaint on September 7, 2007, based upon the same operative facts that govern Defendants' counterclaims, and, accordingly, Plaintiffs further aver that the appropriate venue for this later-filed state action is the United States District Court for the Southern District of New York.

The Notes Issued to Plaintiffs

9.     Plaintiffs admit that Cyberlux entered into a Securities Purchase Agreement with Counterclaimants in September 2004, and respectfully refer the Court to the Securities Purchase Agreement, the terms of which speak for themselves.  Further, Plaintiffs deny the truth of the allegations contained in paragraph 9 of the Complaint to the extent that Counterclaimants gave Plaintiffs good and valuable consideration, and refer all remaining matters calling for legal conclusions to the Court.

10.    Plaintiffs deny the truth of the allegations contained in paragraph 10 of the Complaint to the extent that Counterclaimants gave good and valuable consideration, but admit that AJW Partners received Notes in the aggregate principal amount of $80,000, and a Stock Purchase Warrant to purchase 120,000 shares of Cyberlux's common stock at an exercise price of $0.50 per share, and Plaintiffs refer all matters calling for legal conclusions to the Court.

11. Plaintiffs deny the truth of the allegations contained in paragraph 11 of the Complaint to the extent that Counterclaimants gave good and valuable consideration, but admit that AJW Offshore received Notes in the aggregate principal amount of $185,000, and a Stock Purchase Warrant to purchase 277,500 shares of Cyberlux's common stock at an exercise price of $0.50 per share, and Plaintiffs refer all matters calling for legal conclusions to the Court.

12. Plaintiffs deny the truth of the allegations contained in paragraph 12 of the Complaint to the extent that Counterclaimants gave good and valuable consideration, but admit that AJW Qualified received Notes in the aggregate principal amount of $220,000, and a Stock Purchase Warrants to purchase 330,000 shares of Cyberlux's common stock at an exercise price of $0.50 per share, and Plaintiffs refer all matters calling for legal conclusions to the Court.

13. Plaintiffs deny the truth of the allegations contained in paragraph 13 of the Complaint to the extent that Counterclaimants gave good and valuable consideration, but admit that New Millennium received Notes in the aggregate principal amount of $15,000, and a Stock Purchase Warrant to purchase 22,500 shares of RG Global's common stock at an exercise price of $0.50 per share, and Plaintiffs refer all matters calling for legal conclusions to the Court.

14. Plaintiffs deny the truth of the allegations contained in paragraph 14 of the Complaint to the extent that Counterclaimants have misleadingly taken the subject default terms under the Notes out of context without consideration to the controlling facts of this case, and Plaintiffs respectfully refer the Court to those Notes, and refer all matters calling for legal conclusions to the Court.

15. Plaintiffs deny the truth of the allegations in paragraph 15 of the Complaint except to admit that Counterclaimants have purchased additional Notes and Warrants from Cyberlux, and respectfully refer the Court to the subject Notes and Stock Purchase Warrant Agreements, the terms of which speak for themselves, and further refer all remaining matters calling for legal conclusions to the Court. Plaintiffs also aver that Counterclaimants fraudulently induced Plaintiffs to enter into the subject agreements, and further aver that the subject agreements are void and unenforceable, because same advance usurious loan financing terms that violate N.Y. Penal Law § 190.40 (McKinney 2006).

16. Plaintiffs deny the truth of the allegations contained in paragraph 16 of the Complaint to the extent that Plaintiffs induced Counterclaimants to purchase the Notes. Plaintiffs also aver that Counterclaimants have taken the terms set forth under the subject Security Purchase Agreement, Security Agreement, and Intellectual Property Security Agreement (and other agreements) out of context, and Plaintiffs refer the Court to those documents and all matters calling for legal conclusions to the Court.

17. Plaintiffs deny the truth of the allegations contained in paragraph 17 of the Complaint to the extent that Counterclaimants have misleadingly taken the subject default terms under the Notes and the Securities Purchase Agreement out of context without consideration to the controlling facts of this case, and Plaintiffs respectfully refer the Court to those Notes and the Securities Purchase Agreement, as well as refer all matters calling for legal conclusions to the Court. Plaintiffs also aver that Counterclaimants fraudulently induced Plaintiffs to enter into the subject agreements, and

further aver that the subject agreements are void and unenforceable, because same advance usurious loan financing terms that violate N.Y. Penal Law § 190.40.

The Security Agreements

18. Plaintiffs deny the truth of the allegations contained in paragraph 18 of the Complaint to the extent that Plaintiffs induced Counterclaimants to purchase Notes, or misstated the terms set forth under the Notes and the Security Agreements and Intellectual Property Security Agreement. Plaintiffs also refer the Court to those Notes and Agreements, and refer all matters requiring legal conclusions to the Court. Plaintiffs also aver that Counterclaimants fraudulently induced Plaintiffs to enter into the subject agreements, and further aver that the subject agreements are void and unenforceable, because same advance usurious loan financing terms that violate N.Y. Penal Law § 190.40.

19. Plaintiffs deny the truth of the allegations of paragraph 19 of the Complaint, and respectfully refer the Court to the Security Agreement and Intellectual Property Security Agreement, and refer all matters requiring legal conclusions to the Court.

Defendant Evan's Guaranty

20. Plaintiffs admit that Donald F. Evans entered into a Guaranty Pledge Agreement with Plaintiffs in September 2004 and April 2005, but Plaintiffs deny the truth of the allegations of paragraph 20 of the Complaint, and respectfully refer the Court to the Guaranty and Pledge Agreement, as well as all matters requiring legal conclusions to the Court. Plaintiffs also aver that Counterclaimants fraudulently induced Plaintiffs to enter into the subject agreements, and further aver that the subject agreements are void

and unenforceable, because same advance usurious loan financing terms that violate N.Y. Penal Law § 190.40.

21. Plaintiffs deny the truth of the allegations of paragraph 21 of the Complaint, and respectfully refer the Court to the Guaranty and Pledge Agreement, and refer all matters requiring legal conclusions to the Court.  Plaintiffs also aver that Counterclaimants fraudulently induced Plaintiffs to enter into the subject agreements, and further aver that the subject agreements are void and unenforceable, because same advance usurious loan financing terms that violate N.Y. Penal Law § 190.40.

22. Plaintiffs deny the truth of the allegations of paragraph 22 of the Complaint, and respectfully refer the Court to the Guaranty and Pledge Agreement, and refer all matters requiring legal conclusions to the Court.  Plaintiffs also aver that Counterclaimants fraudulently induced Plaintiffs to enter into the subject agreements, and further aver that the subject agreements are void and unenforceable, because same advance usurious loan financing terms that violate N.Y. Penal Law § 190.40.

Attorneys' Fees

23. Plaintiffs deny the truth of the allegations contained in paragraph 23 of the Complaint.

First Claim for Relief<br>(Breach of Contract)

24. Plaintiffs restate and incorporate by reference their responses to paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiffs deny the truth of the allegations contained in paragraph 25 of the Complaint.

## Second Claim for Relief
(Breach of Contract)

26. Plaintiffs restate and incorporate by reference their responses to paragraphs 1 through 25 as if fully set forth herein.

27. Plaintiffs deny the truth of the allegations contained in paragraph 26 of the Complaint.

## Third Claim for Relief
(Breach of Contract)

28. Plaintiffs restate and incorporate by reference their responses to paragraphs 1 through 27 as if fully set forth herein.

29. Plaintiffs deny the truth of the allegations contained in paragraph 28 of the Complaint.

## Fourth Claim for Relief
(Breach of Contract)

30. Plaintiffs restate and incorporate by reference their responses to paragraphs 1 through 29 as if fully set forth herein.

31. Plaintiffs deny the truth of the allegations contained in paragraph 31 of the Complaint.

## Fifth Claim for Relief
(Breach of Contract)

32. Plaintiffs restate and incorporate by reference their responses to paragraphs 1 through 31 as if fully set forth herein.

33. Plaintiffs deny the truth of the allegations contained in paragraph 33 of the Complaint.

<u>Sixth Claim for Relief</u>
(Breach of Contract

34. Plaintiffs reinstate and incorporate by reference their responses to paragraphs 1 through 33 as if fully set forth herein.

35. Plaintiffs deny the truth of the allegations contained in paragraph 35 of the Complaint.

36. Plaintiffs deny the truth of the allegations contained in paragraph 36 of the Complaint.

<u>Seventh Claim for Relief</u>

37. Plaintiffs reinstate and incorporate by reference their responses to paragraphs 1 through 36 as if fully set forth herein.

38. Plaintiffs deny the truth of the allegations contained in paragraph 38 of the Complaint.

39. Plaintiffs deny the truth of the allegations contained in paragraph 39 of the Complaint.

**AFFIRMATIVE AND SEPARATE DEFENSES**

**FIRST AFFIRMATIVE AND SEPARATE DEFENSE**

Counterclaimants fail to state a claim against Cyberlux and Evans for which relief can be granted.

**SECOND AFFIRMATIVE AND SEPARATE DEFENSE**

Counterclaimants' demands are improper as a matter of law and without foundation as a matter of fact.

**THIRD AFFIRMATIVE AND SEPARATE DEFENSE**

Counterclaimants' alleged losses were proximately caused by their negligence and intentional fraudulent and manipulative conduct in relation to the transactions complained of, and, therefore, Plaintiffs are precluded from recovery herein.

**FOURTH AFFIRMATIVE AND SEPARATE DEFENSE**

Counterclaimants had full, complete and contemporaneous knowledge of the acts complained of and did ratify all the acts. Counterclaimants are, therefore, estopped, and have waived any cause of action that they may have had in this regard.

**FIFTH AFFIRMATIVE AND SEPARATE DEFENSE**

Plaintiffs, in discharging its duties, if any, to Counterclaimants, acted in good faith and exercised at least a degree of care, diligence, and skill as an ordinarily prudent person or entity would exercise in similar circumstances and like positions.

**SIXTH AFFIRMATIVE AND SEPARATE DEFENSE**

Plaintiffs breached no contractual duty, if any, owed to Counterclaimants, because no such contractual duty existed given Counterclaimants ' breach of their collective and individual contractual obligations.

**SEVENTH AFFIRMATIVE AND SEPARATE DEFENSE**

Counterclaimants' claims are barred by the statute of frauds, the doctrine of laches, the doctrine of unclean hands, the doctrine of impossibility, the doctrine of collateral estoppel, the doctrine of waiver, and the doctrine of res judicata.

**EIGHTH AFFIRMATIVE AND SEPARATE DEFENSE**

Plaintiff breached no contractual duty, if any, owed to Counterclaimants, because Counterclaimants' alleged injuries are the result of the acts or omissions of third

parties over whom Cyberlux or Evans exercised no control and for which they cannot be held liable.

### NINTH AFFIRMATIVE AND SEPARATE DEFENSE

The relief requested by Counterclaimants should be barred and/or precluded by virtue of their own tortious acts and/or omissions.

### TENTH AFFIRMATIVE AND SEPARATE DEFENSE

Counterclaimants action may barred by the applicable statute of limitations.

### ELEVENTH AFFIRMATIVE AND SEPARATE DEFENSE

Counterclaimants failed to state a basis for an award of costs, punitive, special or exemplary damages, and/or attorneys' fees.

### TWELFTH AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiffs acted consistent with the standards and customs as well as the rules and regulations pertaining to the conduct of a corporate entity engaged in commerce.

### THIRTEENTH AFFIRMATIVE AND SEPARATE DEFENSE

None of the acts, practices, and or policies of Plaintiffs have caused any injury or damages to the business or property of any Counterclaimant, and Plaintiffs have acted fairly and in good faith in carrying out its business policies, practices, and procedures.

### FOURTEENTH AFFIRMATIVE AND SEPARATE DEFENSE

Counterclaimants plead their claims in bad-faith and unilaterally disregarded the well established "first-to-file" rule, based upon Cyberlux's first-filed,

federal action already before this Court, Index No. 07-7808 (DAB), that turns on the same operative facts.

### FIFTEENTH AFFIRMATIVE AND SEPARATE DEFENSE

Counterclaimants are barred from any relief on the subject Transaction Agreements, because same advance criminally usurious loan financing terms that violate N.Y. Penal Law § 190.40 (McKinney 2006).

### SIXTEENTH AFFIRMATIVE AND SEPARATE DEFENSE

Counterclaimants are barred from any relief on the subject Transaction Agreements, because same violate the public policy of the State of New York.

**WHEREFORE**, Plaintiffs request that judgment be entered in their favor

(A) granting the relief sought in Cyberlux's Complaint, Index No. 78-cv-7808 (DAB);

(B) denying the relief sought by Defendants in their duplicative second-filed action (now removed to this Court), Index No. 07-cv-8367 (DAB);

(C) dismissing Defendants' duplicative, second-filed state court action in its entirety; and

(D) granting Cyberlux attorneys' fees, costs, and such further relief as this Court deems just and proper.

13

Dated: New York, New York
October 18, 2007

Respectfully submitted,

**SAIBER SCHLESINGER SATZ
& GOLDSTEIN, LLC**

By: /s/Ernest E. Badway
Ernest E. Badway (EB-0105)
Colin R. Robinson (CR-8072)
44 Wall Street, 12th Floor
New York, New York 10005
(212) 461-2323

*Attorneys for Plaintiff Cyberlux
Corporation and Donald F. Evans*

{00501537.DOC}            13