**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CYBERLUX CORPORATION,

               Plaintiff,

    vs.

AJW PARTNERS, LLC, AJW OFFSHORE,
LTD., AJW QUALIFIED PARTNERS, LLC,
and NEW MILLENNIUM CAPITAL
PARTNERS II, LLC,

               Defendants.

DOCKET NO.:  07-cv-7808 (DAB)

Civil Action

---

**PLAINTIFF CYBERLUX CORPORATION'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND IN
SUPPORT OF ITS CROSS-MOTION TO CONSOLIDATE ACTIONS**

---

**SAIBER SCHLESINGER SATZ
& GOLDSTEIN, LLC**
44 Wall Street, 12th Floor
New York, NY  10005
Telephone: (212) 461-2323
Telecopier: (212) 461-2223

*Attorneys for Plaintiff*
*Cyberlux Corporation*

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ................................................................1

STATEMENT OF FACTS .....................................................................2

    A.    Parties...............................................................................2

          1.    Plaintiff Cyberlux and Evans ....................................2

          2.    Defendants ...........................................................2

    B.    Relevant Factual and Procedural Background...........................3

          1.    The Instant Matter....................................................3

          2.    The State Court Action ...............................................4

          3.    Cyberlux Files Notice of Removal on State Court
              Action.................................................................4

          4.    Defendants File Motion to Remand Based on
              Questionable and Suspect Proof ..................................5

LEGAL ARGUMENT..........................................................................5

POINT I ........................................................................................5

    OPPOSITION TO MOTION TO DIMISS ........................................5

    A.    There is No Basis to Dismiss this Complaint ..........................5

    B.    Cyberlux Has Standing to Prosecute Its Claim Under
          Section 10(b) and Rule 10b-5 ..................................6

    C.    Cyberlux Has Satisfied the Pleading Requirements of
          Rule 9(b) and the PSLRA ......................................7

    D.    Cyberlux Has A Valid Declaratory-Judgment Claim ...............10

    E.    Defendants' Requests for Alternative Declaratory Relief
          Is Improper......................................................10

    F.    The Court Should Exercise Supplemental Jurisdiction
          Over Cyberlux's State Law Claims ...........................11

i

G.      The Court Should Not Dismiss Cyberlux's State Law Claims ................................13

POINT II ......................................................................................................................19

        CROSS-MOTION TO CONSOLIDATE ............................................................19

A.      Consolidation of This Action and the Removed State
        Court Action is Appropriate......................................................................19

CONCLUSION...............................................................................................................21

# <u>TABLE OF AUTHORITIES</u>

<u>PAGE</u>

<u>Adler v. Adler</u>, 862 F. Supp. 70 (S.D.N.Y. 1994) ...........................................................13

<u>Bano v. Union Carbide Corp.</u>, 361 F.3d 696 (2nd Cir. 2004) ........................................18, 19

<u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)....................6

<u>Best v. Bellevue Hosp.</u>, 115 Fed. Appx. 459, 460 (2nd Cir. 2004) ..................................10

<u>Birnbaum v. Newport Steel Corp.</u>, 193 F.2d 461 (2d Cir.),
    <u>cert. denied</u>, 343 U.S. 956, 72 S. Ct. 105, 96 L.Ed. 1356 (1952) ...................................6

<u>Bolt Electric, Inc. v. City of N.Y.</u>, 53 F.3d 465 (1995) ...................................................5

<u>Bridgestone/Firestone, Inc. v. Recovery Credit Serv., Inc.</u>,
    98 F.3d 13 (2d Cir. 1996)...........................................................................................14

<u>C3 Media & Mark Group, LLC v. Firstgate Internet, Inc.</u>,
    419 F. Supp. 2d 419 (S.D.N.Y. 2005)...........................................................................14

<u>Chase Manhattan Bank, N.A. v. Perla</u>, 65 A.D.2d 207, 411 N.Y.S.2d 66 (4th Dep't 1978) .............13

<u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 103 S. Ct. 1660 (1983) .................................18

<u>Cohen v. Koenig</u> , 25 F.3d 1168 (2d Cir. 1194) ...............................................................13

<u>Conley v. Gibson</u>, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957),
    <u>cert. denied</u>, 507 U.S. 961, 113 S. Ct. 1387, 122 L. Ed. 2d 762 (1993) .........................5

<u>Cortec Industrial, Inc. v. Sum Holding L.P.</u>, 949 F.2d 42 (2d Cir. 1991) .........................10

<u>Cosmas v. Hassett</u> , 886 F.2d 8 (2nd Cir. 1989) ..............................................................7

<u>Drexel Burnham Lambert, Inc. v. Saxony Heights Realty Association</u>,
    77 F. Supp. 228 (S.D.N.Y. 1991)..................................................................................14

<u>Eastman Kodak Co. v. Camarata</u>, 2006 WL. 3538944 (W.D.N.Y. 2006).........................17

<u>Federal National Mortg. Association v. Olympia Mortg. Corp.</u>,
    2006 WL. 2802092 (E.D.N.Y. 2006)..............................................................................17

<u>EBC I, Inc. v. Goldman, Sachs & Co.</u>, 5 N.Y.3d 11, 20 (N.Y. 2005) ...............................15

Ernst & Ernst v. Hochfelder,
   425 U.S. 185, 96 S. Ct. 1375, 47 L. Ed. 2d 668 (1976)......................................................8, 9

Gabrielli v. Roundout, L.L.C., 2007 WL. 2406905 (N.D.N.Y. 2007)..............................................11

GAF Corporation v. Milstein, 453 F.2d 709 (1971) ...........................................................................6

Ganino v. Citizens Utilities Co., 228 F.3d 154 (2d Cir. 2000) .........................................................8

Garber v. Randell , 477 F.2d 711 (2d Cir. 1973) .............................................................................20

Geisler v. Petrocelli, 616 F.2d 636 (2d Cir. 1980)...........................................................................5

George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.,
   554 F.2d 551 (2nd Cir. 1977)........................................................................................................11

Greenblatt v. Gluck, 265 F. Supp. 2d 346 (S.D.N.Y. 2003) ...........................................................12

Gutierrez v. Fox , 966 F. Supp. 214 (S.D.N.Y. 1997)
   remanded by 141 F.3d 425 (2nd Cir. 1998)...............................................................................12

Handelsman v. Bedford Village Associations Ltd. Partnership,
   213 F.3d 48 (2nd Cir. 2000)..........................................................................................................11

Hoffman v. Unterberg, 9 A.D.3d 386, 388 (2d Dep't 2004) ...........................................................17

Johnson v. Celotex Corp., 899 F.2d 1281 (2d Cir. 1990) ...............................................................19

Kimmel v. Schaefer , 89 N.Y.2d 257, 657 N.E.2d 450, 652 N.Y.S.2d 715 (1996)..........................15

Linn v. Allied Ir. Banks, PLC, 2004 U.S. Dist. LEXIS 24655 (D.N.Y. 2004).................................19

Luce v. Edelstein , 802 F.2d 49 (2d Cir. 1986)...........................................................................14, 15

Modjeska v. Greer , 233 A.D.2d 589, 649 N.Y.S.2d 734 (3d Dep't 1996).......................................18

Murray v. Xerox Corp., 811 F.2d 118 (2d Cir. 1987)) (emphasis added .........................................13

National Congress for Puerto Rican Rights v. City of New York,
   75 F. Supp. 2d 154 (S.D.N.Y. 1999)............................................................................................18

Pinkowitz v. Elan Corp., PLC, 2002 U.S. Dist. LEXIS 14593, 02
   Civ. 865, 2002 WL. 1822118 (S.D.N.Y. July 29, 2002) ............................................................20

Primavera Familienstiftung v. Askin, 173 F.R.D. 115 (S.D.N.Y. 1997)........................................20

<u>Reserve Solutions Inc. v. Vernaglia</u>, 438 F. Supp. 2d 280 (S.D.N.Y. 2006)....................................17, 18

<u>Ricciuti v. New York City Transit Authority</u>, 941 F.2d 119 (2d Cir.1991) ......................................5

<u>Ronzani v. Sanofi S.A.</u>, 899 F.2d 195 (2d Cir. 1990).........................................................................10

<u>Roth v. Jennings</u> , 2006 U.S. Dist. LEXIS 4266 (S.D.N.Y. 2006) .................................................6

<u>Sharkey v. Moneypenny-Sharkey</u>, 2007 WL. 1452722 (N.D. Oh. May 15, 2007) ..........................13

<u>The Topps Co., Inc. v. Cadbury Stani S.A.I.C.</u>, 380 F.2d 250 (S.D.N.Y. 2005)..............................14

<u>Thyroff v. Nationwide Mutual Insurance Co.</u>, 460 F.3d 400 (2d Cir. 2006)....................................17

<u>Walker v. New York</u>, 974 F.2d 293 (2d Cir.1992) ............................................................................5

<u>In re World Trade Center Disaster Site Litigation</u>, 456 F. Supp. 2d 520 (S.D.N.Y. 2006)..............10

## <u>STATUTES</u>

15 U.S.C. § 78cc(b) ..........................................................................................................................10

15 U.S.C. § 78u-4(b)(1) .................................................................................................................7, 8

28 U.S.C. §§ 1331 .............................................................................................................................3

28 U.S.C. § 1332(a)(2) ......................................................................................................................3

28 U.S.C. § 1367 ...............................................................................................................................4

28 U.S.C. §§ 1441 .............................................................................................................................4

28 U.S.C. § 2201(a) ..........................................................................................................................4

15 U.S.C. § 78j(b) ..............................................................................................................................3

Fed.R.Civ.P. 9(b) ...........................................................................................................................7, 8

Fed.R.Civ.P. 12(b)(6)........................................................................................................................5

Fed.R.Civ.P. 15(a) ...........................................................................................................................10

Fed.R.Civ.P. 42(a)  ......................................................................................................................19, 20

Plaintiff Cyberlux Corporation ("Cyberlux"), by and through its attorneys, Saiber Schlesinger Satz & Goldstein, LLC, hereby submits its Opposition to the Motion to Dismiss Complaint ("Motion to Dismiss") filed by AJW Partners, LLC, AJW Offshore, Ltd, AJW Qualified Partners, LLC and New Millenium Capital Partners II, LLC (collectively, "Defendants") and cross-moves to consolidate this action with the New York state court action filed by Defendants on September 17, 2007 ("State Court Action") naming Cyberlux and one of its officers, Donald F. Evans as defendants, after this action had been commenced. The State Court Action comprises the same common questions of law or fact present in this proceeding and judicial economy favors consolidation.

## PRELIMINARY STATEMENT

Defendants' motion to dismiss is a blatant attempt to deflect attention from its calculated illegal trading scheme based on false, fraudulent, and misleading statements intended to induce Cyberlux to enter into and honor secured lending agreements that resulted in the conversion of shares of stock of Cyberlux for Defendants' own use and benefit.

Cyberlux has adequately pled all of the causes of action set forth in the Complaint, including claims against Defendants for violations of the Securities Exchange Act of 1934 ("Exchange Act"), fraud, misrepresentation and its state law claims. Cyberlux pled factual allegations sufficient "to raise a right to relief above the speculative level." The factual allegations pled also evidence Defendants intent to deceive, manipulate and defraud Cyberlux out of millions of dollars. Moreover, there is no basis for Defendants' contention that Cyberlux lacks standing to prosecute its claims. Accordingly, for the reasons set forth below, Defendants' motion to dismiss should be denied in its entirety.

In its cross-motion, Cyberlux seeks the entry of an Order consolidating the instant proceeding with the State Court Action's late filed complaint by Defendants[1] in New York Supreme Court on September 17, 2007 naming Cyberlux and one of its officers, Donald F. Evans as defendants.  The State Court Action was removed to this District and assigned as 07-CV-8367 by the Clerk of the Court.  Consolidation is appropriate as this action and the State Court Action present common questions of law and fact and consolidation will serve judicial economy. Accordingly, Cyberlux respectfully requests an Order granting its cross-motion to consolidate 07-CV-7808 ("Instant Matter") and the State Court Action.

## STATEMENT OF FACTS

**A.**     **Parties**

**1.**     **Plaintiffs Cyberlux and Evans**

Cyberlux is a corporation existing organized under the laws of Nevada, with its principal place of business at 4625 Creekstone Drive, Suite 130, Research Triangle Park, Durham, North Carolina.  Complaint ¶5.  Evans is an officer of Cyberlux, at all times acted as an agent of Cyberlux, and was named as co-defendant with Cyberlux in the State Court Action.  Evans is domiciled in North Carolina.  Evans is not a party to the Instant Matter.

**2.**     **Defendants**

Defendant New Millennium is a limited liability company organized under the laws of the State of New York, having its principal place of business in Roslyn, New York. Complaint ¶ 6.  Defendant AJW Partners is a limited liability company organized under the laws of the State

---

[1] Defendants' State Court Action includes AJW Master Fund, Ltd. ("AJW Master") as a plaintiff, an entity not named as defendant in this action, and with whom Cyberlux had no business relationship.

of Delaware, with its principal office in Roslyn, New York. Complaint ¶7. Defendant AJW Offshore is a corporation organized under the laws of the Cayman Islands, with its principal place of business in Roslyn, New York. Complaint ¶8. Defendant AJW Qualified is a limited liability company organized under the laws of the State of New York, with its principal office in Roslyn, New York. Complaint ¶9.

### B.    **Relevant Factual and Procedural Background**

#### 1.    **The Instant Matter**

On September 7, 2007, Cyberlux filed a complaint in the District Court for the Southern District of New York, 07 CV 7808 (DAB), against New Millennium, AJW Partners, AJW Offshore, and AJW Qualified (but not AJW Master, see n. 1), seeking "declaratory, injunctive, and monetary relief for the irreparable harm" based upon Defendants (absent AJW Master) acting in concert to effectuate an "illegal trading scheme, in an action for, among other claims, fraud, misrepresentation, and breach of express and implied contract terms arising from fraudulent and deceptive secured loan financing terms." Complaint ¶1. Defendants induced Cyberlux to enter 10 separate Securities Purchase Agreements, together with separate and respective Securities Agreements, Registration Rights Agreements, Intellectual Property Agreements, Guarantee Agreements, and separate but largely identical Callable Secured Convertible Notes, and separate but largely identical Stock Purchase Warrant Agreements (collectively, the "Transaction Agreements"). Id. at ¶¶ 22-23.

Cyberlux's Complaint set forth several bases for federal subject matter jurisdiction, including 28 U.S.C. §§ 1331 and 1337, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and the rules and regulations promulgated thereunder by the United States Securities and Exchange Commission ("SEC") (federal question jurisdiction); 28 U.S.C. § 1332(a)(2) (diversity

jurisdiction); 28 U.S.C. § 2201(a) (declaratory relief jurisdiction); and 28 U.S.C. § 1367 (pendent jurisdiction). Id. at ¶ 11.

**2.     The State Court Action**

On or about September 17, 2007, over one week after Plaintiff filed the Instant Matter, Defendants (and AJW Master) filed the State Court Action in the Supreme Court of New York, County of New York, Index No. 603098/07, a state court embraced within this judicial district. The State Court Action asserts claims against Cyberlux and one of its officer, Evans, for breach of contract, specifically breach of Cyberlux's obligations pursuant to **all** of the same Transaction Agreements specific to Cyberlux's first-filed action in this Court.

**3.     Cyberlux Files Notice of Removal on State Court Action**

To effectuate removal of Defendants' State Court Action, filed after the Instant Matter, Cyberlux and Evans forwarded their Notice of Removal (and related papers) to a process service company on Monday, September 24, 2007.   Cyberlux and Evans had not yet reviewed Defendants' (absent AJW Master) motion to dismiss papers filed in connection with Cyberlux's Complaint, that were served one business day earlier on Friday, September 21, 2007.

On Tuesday, September 25, 2007, the State Court Action was removed from the Supreme Court of New York, New York County, to the United States District Court for the Southern District of New York on the basis that this Court has removal jurisdiction over the State Court Action and that complete diversity existed pursuant to 28 U.S.C. §§ 1441 and 1446.

Nonetheless, the fact Defendants flied the Motion to Dismiss is irrelevant as to the issue of the Notice of Removal.  In fact, Defendants' argument is suspect given their knowledge of the Instant Matter when they filed the State Court Action.

{00501169.DOC}                                    4

4.    **Defendants File Motion to Remand Based on
      Questionable and Suspect Proofs**

On October 5, 2007, Defendants moved to remand the State Court Action back to the Supreme Court of State of New York on the basis that complete diversity jurisdiction was absent, because an alleged member of New Millennium purportedly resides in Nevada. Cyberlux and Evans oppose the motion to remand the State Court Action and filed their opposition to remand previously.

**LEGAL ARGUMENT**

**POINT I**

**OPPOSITION TO MOTION TO DISMISS**

A.    **There is No Basis to Dismiss this Complaint**

On a motion to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff." Bolt Elec., Inc. v. City of N.Y., 53 F.3d 465, 469 (1995). "The district court should grant such a motion only if, after viewing plaintiff's allegations in this favorable light, 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Walker v. New York, 974 F.2d 293, 298 (2d Cir.1992) (citing Ricciuti v. New York City Transit Auth., 941 F.2d 119 (2d Cir.1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)), cert. denied, 507 U.S. 961, 113 S. Ct. 1387, 122 L. Ed. 2d 762 (1993)).

Since a FRCP 12(b)(6) motion is used to assess the legal feasibility of a complaint, a court should not "assay the weight of the evidence which might be offered in support thereof." Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980). Rather, consideration of a FRCP

12(b)(6) motion is limited to the factual allegations in the complaint, documents attached to the complaint as exhibits or incorporated in it by reference, to matters of which judicial notice might be taken, or to documents either in plaintiff's possession or of which plaintiffs had knowledge and relied on in bringing suit. <u>Roth v. Jennings</u>, 2006 U.S. Dist. LEXIS 4266 (S.D.N.Y. 2006). To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to "raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly,</u> 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). Once stated, a claim may be supported by showing any set of facts consistent with the allegations in the complaint. <u>Id.</u> at 1969.

Here, the Complaint is well-supported by sufficient factual allegations.

**B.     Cyberlux Has Standing to Prosecute Its Claims Under
         Section 10(b) and Rule 10b-5**

Cyberlux has standing to prosecute its claims under the Exchange Act Section 10(b) and Rule 10b-5 thereunder because -- as Defendants well know and fail to set forth in their argument -- it is a <u>seller</u> of securities. The rule is clear, a purchaser or seller of a security can maintain an action under Exchange Act Rule 10b-5. <u>See</u> <u>GAF Corporation v. Milstein</u>, 453 F.2d 709, 721 (1971) <u>citing</u> <u>Birnbaum v. Newport Steel Corp.</u>, 193 F.2d 461 (2d Cir.), <u>cert.</u> <u>denied</u>, 343 U.S. 956, 72 S. Ct. 105, 96 L.Ed. 1356 (1952)).

In <u>GAF</u>, the case cited by Defendants to support its standing argument, the Court states that an issuer "might have standing under 10b-5 to seek injunctive relief in circumstances where, despite the absence of a purchase or sale, it has suffered or will suffer direct injury because of the alleged fraud, or where it would be the most appropriate party to assert 10b-5 violations affecting all shareholders." <u>GAF</u>, at n.27. Notably, Defendants fail to identify this point in their brief.

Under the Transaction Agreements, Defendants <u>purchased</u> from Cyberlux (seller) secured notes convertible into Cyberlux common stock and warrants to purchase Cyberlux common stock. Complaint, ¶23.  In separate transactions, Defendants individually purchased from Cyberlux secured convertible notes in a collective principal amount totaling $1,913,944.89, notes that were convertible into Cyberlux's common stock.  <u>Id.</u> at ¶24.  Thus, Cyberlux was a seller of its common stock and has standing to prosecute Defendants' securities law violations in this action.

**C.    Cyberlux Has Satisfied the Pleading Requirements of
          <u>FRCP 9(b) and The PSLRA</u>**

FRCP 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  FRCP 9(b).  The Second Circuit has read FRCP 9(b) to require that a complaint (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  <u>Cosmas v. Hassett</u>, 886 F.2d 8 (2nd Cir. 1989).  The PSLRA applies to claims brought under the Exchange Act, requiring that any securities fraud complaint alleging misleading statements or omission of material fact must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the claimant shall state with particularity all facts on which that belief is formed.  15 U.S.C. § 78u-4(b)(1).

As set forth in the Complaint, Cyberlux relied on statements made by Defendants in the underlying Transaction Agreements and in oral presentations, specifically, that Defendants were "negotiating in good faith and making 'representations and warranties' that were 'true and correct in all material respects.'  Complaint, ¶27.  Cyberlux also relied on the statements made

by Defendants that they would in no way effect "short sales." Id. at ¶28. These statements were expressly set forth in the Transaction Agreements, documents that were executed by or on behalf of all Defendants. Additionally, Defendants agreed and stated that they would limit conversions of Cyberlux stock to "no more than 4.99% of the outstanding shares of [Cyberlux'] Common Stock." Complaint, ¶29. Thus, the Complaint identified the fraudulent misrepresentations, the party that made those same fraudulent statements (Defendants) and where they were made (the Transaction Agreements). Accordingly, Cyberlux has plead fraud by Defendants with the particularity demanded by FRCP 9(b) and the PSLRA.

Defendants' argument that Cyberlux failed to allege any facts that support the scienter requirement of a cause of action under Exchange Act Section 10(b) and Rule 10b-5 is also unavailing. With respect to scienter, "the complaint shall, with respect to each act or omission alleged…state with particularity facts giving rise to a strong inference that the defendants acted with the required state of mind." Ganino v. Citizens Utils. Co., 228 F.3d 154, 168-169 (2d Cir. 2000). The requisite state of mind in a Rule 10b-5 action is "an intent to deceive, manipulate or defraud." Id. citing Ernst & Ernst v. Hochfelder, 425 U.S. 185, 193, n. 12, 96 S. Ct. 1375, 47 L. Ed. 2d 668 (1976). Such intent can be established "either (a) by alleging facts to show that defendant has both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." Id. "Great specificity" is not required if a plaintiff alleges sufficient facts to support a "strong inference of fraudulent intent." Id.

Cyberlux's Complaint establishes a strong inference of fraudulent intent. Under the Transaction Agreements, specifically, the secured note agreements, Defendants purchased from Cyberlux secured notes convertible into Cyberlux common stock and warrants to purchase

Cyberlux common stock. Complaint, ¶23. Almost immediately after receiving Cyberlux stock or converting secured notes into Cyberlux stock, Defendants liquidated their positions, flooding the market, and, in turn, driving down the price of Cyberlux stock. Complaint, ¶32. Thus, it was apparent that Defendants were flooding the market with their converted Cyberlux shares by intentionally breaching the agreed upon trading restrictions set forth under the Transaction Agreements. Id. With the share price reduced, as a direct result of Defendants' actions, Defendants and their agents then purchased huge amounts of Cyberlux stock at "substantial and artificially manipulated discounts." Complaint, ¶34. These facts more than satisfy a "strong inference of fraudulent intent" and represent "strong circumstantial evidence of conscious misbehavior or recklessness."

Defendants, led by their executive officer, Cory Ribotsky, target small-cap companies like Cyberlux that are unable to garner funding from more traditional sources in the marketplace with the intent to profit from the short selling of their stock. As demonstrated in the Instant Matter, Defendants induce companies in Cyberlux's position to enter into the Transaction Agreements with the deliberate intent to manipulate the stock price downwards by short sales and dumping. See Complaint ¶28. As demonstrated in the Instant Matter, Defendants effectuate their predatory trading strategy by selling their positions as soon or shortly after Cyberlux stock was issued after the warrants provided under the Transaction Agreements were converted or exercised into Cyberlux stock, and accomplished this by violating the agreed upon volume trading restrictions set forth under the Transaction Agreements. Id. The price of Cyberlux's stock naturally fell because the supply of the Cyberlux stock increased while its demand remained constant. Id. Defendants then swoop in to purchase shares at discounted prices, reaping a windfall. Id.

These allegations as set forth by Cyberlux in the Complaint satisfy the "scienter" requirement of pleading for its causes of action under Exchange Act Section 10(b) and Rule 10b-5. Accordingly, Defendants' motion to dismiss must be denied.[2]

**D.     Cyberlux Has A Valid Declaratory-Judgment Claim**

Defendants admit that Cyberlux's declaratory-judgment claim is sufficiently plead, and it must survive dismissal to the extent that Cyberlux's securities-law claims survive dismissal. See Motion to Dismiss, at 18. For reasons previously addressed, Cyberlux has sufficiently plead its securities-law claims, and, thus, those claims withstand dismissal. Accordingly, Cyberlux respectfully submits that this Court should not dismiss its declaratory-judgment claim.[3]

**E.     Defendants' Request For Alternative Declaratory Relief is Improper**

Defendants demonstrate a fundamental misunderstanding of Rule 12(c) when they seek alternative declaratory relief requesting a judgment on the pleadings on a motion to dismiss. See Motion to Dismiss, at 18. It is long established that "[t]he standard employed in reviewing a motion for judgment on the pleadings pursuant to Rule 12(c) . . . is the **same** as that employed for motions brought pursuant to Rule 12(b)(6). . . ." See, e.g., In re World Trade Center Disaster Site Litig., 456 F.Supp.2d 520, 547 (S.D.N.Y. 2006) (emphasis added); see also Best v. Bellevue

---

[2] If this Court is so inclined to grant Defendants' requested relief, Cyberlux respectfully requests leave to replead its Complaint. A party may amend its pleading once as a matter of right before a responsive pleading has been served, otherwise by leave of the court, and such "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). It is the usual practice upon granting a motion to dismiss to allow leave to replead. See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991); Ronzani v. Sanofi S.A., 899 F.2d 195, 198 (2d Cir. 1990).

[3] Defendants are correct to point out that Cyberlux is moving to void the Transaction Agreements based upon Defendants' illicit loan agreements engineered to execute a securities fraud upon the market. When this and other pending motions are resolved, Cyberlux will also move to amend its Complaint to include usury claims, and argue that the Transaction Agreements are void and unenforceable, because they violate N.Y. Penal Law § 190.40 (McKinney 2006) (criminalizing interest rate and costs in excess of 25% annum).

Hosp., 115 Fed. Appx. 459, 460 (2nd Cir. 2004).  A court's task in ruling on a Rule 12(c) motion is essentially reduced to ruling on a Rule 12(b)(6) motion, and is "merely" assessing "the legal feasibility of the complaint."  Gabrielli v. Roundout, L.L.C., 2007 WL 2406905, *2 (N.D.N.Y. 2007) (dismissing Rule 12(c) motion has "premature" in the absence of any discovery); see also George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., 554 F.2d 551, 554 (2nd Cir. 1977) (same).

Thus, Rule 12(c) does not support Defendants seeking affirmative declaratory relief, only a separate basis to move for dismissal of Cyberlux's claims.  Thus, Defendants' Point II.B is essentially duplicative of Defendants' Point II.A.  It follows that this Court should deny Defendants' improper approach to seek alternative declaratory relief, especially when Cyberlux has not yet been afforded any discovery.

**F.    The Court Should Exercise Supplemental Jurisdiction Over Cyberlux's State Law Claims**

Contrary to yet another misrepresentation by Defendants, there is complete diversity of citizenship.  Defendants argue that this Court's sole basis for subject matter jurisdiction over Cyberlux's state law claims "rests upon supplemental jurisdiction" and if the Court dismisses the federal securities-law claims, it should "decline to exercise supplemental jurisdiction."  If the Court were to dismiss the securities-law claims, diversity of citizenship jurisdiction does exist to permit the Court to exercise jurisdiction over Cyberlux's state law claims.

"Diversity jurisdiction requires that 'all of the adverse parties in a suit . . .  be completely diverse with regard to citizenship.'"  Handelsman v. Bedford Vill. Assos. Ltd. P'ship, 213 F.3d 48, 51 (2nd Cir. 2000) (citations omitted).  This case should remain before this Court because

Cyberlux's citizenship is tied to North Carolina and/or Nevada and Defendants' citizenships are tied to several states other than Nevada -- i.e., complete diversity jurisdiction.

To support its specific claim, Defendants allege that Gary Post, domiciled in Nevada, is a member of defendant New Millennium.  Thus, New Millenium is deemed a citizen of Nevada for diversity purposes.  However, Defendants provide nothing more to support Post's citizenship in Nevada than a Change of Address Notice to an undated and redacted subscription agreement by Post, dated December 21, 2006, whereby Post changes his current California address to "P.O. Box 92, Zephyr Cove, Nevada."  The redacted and undated subscription agreement lists a current contact telephone number for Post at **310**.663.9090, a California area code and telephone number.  Defendants merely claim that Post is a "member" of plaintiff New Millennium, a limited liability company, and then challenge Cyberlux's claim of complete diversity jurisdiction because Post is a "citizen of Nevada," supporting the latter claim by reference to a **post box address** in Nevada.

For purposes of diversity jurisdiction, a person's citizenship is determined by domicile." Greenblatt v. Gluck, 265 F.Supp.2d 346, 351 (S.D.N.Y. 2003) reconsideration denied by 265 F.Supp.2d 346 (S.D.N.Y. 2003).  "It is a long-settled principle of law that while a person may have more than one residence, he may only have one domicile at any one time."  Id.  Domicile requires two elements:  (1) the party's physical presence in the state and (2) the intent to remain in that state indefinitely.  Gutierrez v. Fox, 966 F. Supp. 214, 217 (S.D.N.Y. 1997) remanded by 141 F.3d 425 (2nd Cir. 1998).  In determining a party's intent, courts use a "totality of the evidence" approach, and no single factor is conclusive.  Greenblatt, 265 F.Supp.2d at 351. Defendants utterly fail to undertake any meaningful analysis about the factors that control diversity jurisdiction disputes as discussed above.  Gutierrez and other authority make clear that

Defendants' hollow and vague references are insufficient to establish Post is domiciled in Nevada.  Moreover, "[g]eneral allegations of residence, **such as listing a post office box** . . . are insufficient to establish citizenship."  Sharkey v. Moneypenny-Sharkey, 2007 WL 1452722, at *2  (N.D. Oh. May 15, 2007) (emphasis added; citation omitted); see also Adler v. Adler, 862 F. Supp. 70, 72 (S.D.N.Y. 1994) (ruling that a "post office box" is unreliable for diversity purposes and falls far short of satisfying the "diversity statute").

Thus, there is no support for an absence of diversity of jurisdiction and this Court has jurisdiction over Cyberlux's state law claims.

## G.   The Court Should Not Dismiss Cyberlux's State Law Claims

### 1.   Cyberlux has Properly Alleged a Claim for Fraud Separate From Its Breach Of Contract Claims

Cyberlux's fraud claims do not sound only in contract.  A claim for fraud consists of the following elements:  "(1) a material misrepresentation or omission of material fact; (2) that is false or misleading; (3) made with knowledge or reckless disregard of its falsity; (4) reliance; and (5) injury.  "The failure to fulfill a promise to perform is not ground for a fraud action unless there existed an intent not to perform at the time the promise was made." Cohen v. Koenig, 25 F. 3d 1168, 1172 (2d Cir. 1194) (citing Murray v. Xerox Corp., 811 F. 2d 118, 121 (2d Cir. 1987)) (emphasis added); see also Chase Manhattan Bank, N.A. v. Perla, 65 A.D.2d 207, 210, 411 N.Y.S.2d 66 (4th Dep't 1978).

To state a claim for fraud co-existent with an alleged breach of contract, a plaintiff must: (1) demonstrate a legal duty separate from the duty to perform under the contract; (2) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (3) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages.

See C3 Media & Mark Group, LLC v. Firstgate Internet, Inc., 419 F. Supp. 2d 419, 430 (S.D.N.Y. 2005); see also Bridgestone/Firestone, Inc. v. Recovery Credit Serv., Inc., 98 F.3d 13, 20 (2d Cir. 1996)).  Cyberlux has properly pled fraudulent inducement and misstatements of present facts.  Accordingly, Cyberlux's fraud cause of action should be sustained as a matter of law.

Defendants owed a legal duty separate from the duty to perform under the contract, namely, the duty to refrain from using fraud to induce Cyberlux to enter into the Transaction Agreements.  This duty is "separate and distinct from the duty to perform a contract already entered into."  The Topps Co., Inc. v. Cadbury Stani S.A.I.C., 380 F. 2d 250, 264 n. 17 (S.D.N.Y. 2005).

To maintain a contract claim and a tort claim for fraud, "the allegedly defrauded party must set forth in the complaint specific facts from which a reasonable trier of fact could directly or indirectly infer that the promisor intended not to honor his obligations at the time the promise was made."  Drexel Burnham Lambert, Inc. v. Saxony Heights Realty Ass'n, 77 F. Supp. 228, (S.D.N.Y. 1991); see also Luce v. Edelstein, 802 F.2d 49, 55 (2d Cir. 1986).  Here, Cyberlux has pled factual allegations from that a reasonable trier of fact may infer that Defendants did not intend to honor its obligations at the time it entered into the Transaction Agreements.  For example, the Complaint alleges that Cyberlux relied on statements made by Defendants in the underlying Transaction Agreements, specifically, that Defendants were "negotiating in good faith and making 'representations and warranties' that were 'true and correct in all material respects.'  Complaint, ¶27.  Cyberlux also relied on the statements made by Defendants that they would in no way effect "short sales."  Id. at ¶28.  Despite these representations and statements, Defendants "effectuated its predatory trading strategy by selling their positions as soon or shortly

after Cyberlux stock was issued after the secured notes were converted or exercised into Cyberlux stock…"  Id. at ¶32.   In turn, "Defendants illicitly profited from its market manipulation by obtaining huge amounts of Cyberlux stock at substantial and artificially manipulated discounts."  Id. at ¶35.   Accordingly, Cyberlux's fraud claim should not be dismissed.

### 2.     **Breach of Fiduciary Duty**

A cause of action for breach of fiduciary duty is properly plead where the plaintiff set forth allegations that, apart from the terms of the contract, created a relationship of higher trust than would arise from the contract alone.  See EBC I, Inc. v. Goldman, Sachs & Co., 5 N.Y.3d 11, 20 (N.Y. 2005).  Cyberlux specifically alleged that Defendants, aside from their contractual obligations, "assured Cyberlux that Defendants were long-term investors interested in supporting Cyberlux's present and future interest…."  Complaint, ¶28.  Defendants later behavior clearly breached the relationship of higher trust that Cyberlux relied on when entering into the Transaction Agreements with the Defendants.  Accordingly, Cyberlux's claim for breach of fiduciary duty is valid and the motion to dismiss same should be denied.

### 3.     **Negligent Misrepresentation**

To establish a claim for negligent misrepresentation, the defendant must possess unique or specialized expertise, or be in a special position of trust and confidence with the plaintiff. Kimmel v. Schaefer, 89 N.Y.2d 257, 657 N.E.2d 450, 652 N.Y.S.2d 715 (1996).  The Complaint does set forth the existence of a special relationship of trust and confidence between Cyberlux and Defendants that gives rise to a claim for negligent misrepresentation.  Again, Cyberlux specifically alleged that Defendants, aside from their contractual obligations, "assured Cyberlux

that Defendants were long-term investors interested in supporting Cyberlux's present and future interest…"  Complaint, ¶28.  Clearly, Defendants unique expertise as investors in small-cap companies such as Cyberlux imposes liability for negligent misrepresentation.  Accordingly, Cyberlux's claim for negligent misrepresentation is properly plead and should not be dismissed.

**4.    Breach of Contract Claims**

Cyberlux's claims for Breach of Contract are not "purely conclusory."  Motion to Dismiss, 22.  Cyberlux's Fifth and Sixth Claims for relief allege that Defendants violated their agreement to convert "no more than 4.99% of the outstanding shares of [Cyberlux's] Common Stock" and short sell Cyberlux stock.  Complaint, ¶¶67-72. Cyberlux provides solid grounds on which these claims rest, specifically, the allegation that "Defendants effectuated its predatory trading strategy by selling their positions as soon or shortly after Cyberlux stock was issued…by violating the agreed upon volume trading restrictions set forth under the Transaction Agreements."  Complaint, ¶32.

Further, Defendants miss the point regarding the Gelmon Contract. Mr. Gelmon's retention was a condition required by Defendants to enter into the Transaction Agreements.  The breach is not that of a contract with Gelmon, rather, the agreement between Cyberlux and Defendants for the retention of Mr. Gelmon to search out and obtain new funding sources. Rather than perform his required duties, despite being compensated, he failed to obtain any capital for Cyberlux, creating additional financial difficulties for Cyberlux.  Further, he demonstrated loyalties only for Defendants.  Thus, the breach of contract claim for the Gelmon Contract should not be dismissed.

**5.    Breach Of Covenant of Good Faith and Fair Dealing**

Implied in every contract is a covenant of good faith and fair dealing.

The covenant requires that the parties will not take any action that may have the effect of destroying the rights of the other party to receive the benefits of the contract.  See Gross, at *6.

In the Instant Matter, the allegations set forth by Cyberlux, if accepted as true, may demonstrate that Defendants, in bad faith or for an improper purpose, manipulated the stock price of Cyberlux for its own benefit.  Accordingly, Cyberlux has stated a viable claim for breach of the covenant of good faith and fair dealing.

### 6.    <u>Conversion</u>

Defendants attack Cyberlux's conversion claim by mischaracterizing the controlling facts of this case.  Defendants argue that Cyberlux's conversion claim should be dismissed, because Cyberlux "sold the Notes to defendants in negotiated transactions between commercial parties." Motion to Dismiss, at 24.  Defendants fail to add that Defendants entered into said negotiations in bad-faith with the intentional purpose to deceive and defraud Cyberlux, allegations repeated and detailed throughout Cyberlux's Complaint.  Complaint ¶¶1-4.

Under New York law, conversion is defined as "'the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights.'"  Eastman Kodak Co. v. Camarata, 2006 WL 3538944, *13 (W.D.N.Y. 2006) (citing Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 403-04 (2d Cir. 2006)).  Additionally, "[w]here possession of the property is initially lawful, conversion occurs when there is a refusal to return the property after a demand."  Fed. Nat. Mortg. Ass'n v. Olympia Mortg. Corp., 2006 WL 2802092, *13 (E.D.N.Y. 2006) (citing Hoffman v. Unterberg, 9 A.D.3d 386, 388 (2d Dep't 2004)).  Notably, a conversion claim can lie when authorization is induced by fraudulent means. See Reserve Solutions Inc. v. Vernaglia,  438 F.Supp.2d 280, 288 (S.D.N.Y. 2006).

Here, Defendants made fraudulent representations to induce Cyberlux to sell particular Notes to Defendants, and assumed and exercised control over those Notes to the exclusion of Cyberlux's rights to those Notes.  In other words, Defendants deceived Cyberlux into selling its Notes under fraudulent terms not in line with the express terms and spirit of the Transaction Agreements to gain unauthorized control and use of Cyberlux's property.  Accordingly, Cyberlux has "legal ownership or an immediate superior right of possession" to the subject Notes based upon Defendants' fraudulent misconduct (and the criminally usurious nature of the Transaction Agreements, see supra note 3).  See Modjeska v. Greer, 233 A.D.2d 589, 590, 649 N.Y.S.2d 734 (3d Dep't 1996); see also Vernaglia, 438 F.Supp.2d at 288 (refusing to dismiss conversion claim when defendant obtained property by fraudulent and deceptive means).

As a result, Cyberlux respectfully submits that its conversion claim is valid, and this Court should deny Defendants' motion to dismiss same.

### 7.    **Equitable Relief**

It is well settled that a "'court has broad discretion to grant appropriate equitable relief to protect a party who has been injured by unlawful conduct, as well as . . . from future injury that may occur if the wrongdoer is permitted to continue [its] unlawful actions.'"  Nat. Congress for Puerto Rican Rights v. City of New York, 75 F.Supp.2d 154, 164-65 (S.D.N.Y. 1999) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 131, 103 S. Ct. 1660, 1680 (1983)); see also Bano v. Union Carbide Corp., 361 F.3d 696, 716 (2nd Cir. 2004).  This Court has recognized that "it will rarely be easy to decide with any certainty at the outset of a lawsuit that no equitable relief would be appropriate under any conceivable facts. . . ."  See Id. at 165 (citing Lyons, 461 U.S. at 131, 103 S. Ct. at 1680).  Accordingly, this Court's broad equitable powers alone is sufficient to support Cyberlux's equitable relief claim.

Further, Defendants move to seek an order that would **not** enjoin them from "'short selling Cyberlux common stock,'" a telling position that only reinforces Cyberlux's concerns and the need for equitable relief.  <u>See</u> Motion to Dismiss, at 24.  Defendants' suspect position, seeking unfettered access to sell Cyberlux's stock, goes far to affirm Cyberlux's allegations that Defendants actively engaged (and will again engage) in short-selling of Cyberlux stock.  In fact, Defendants appear to defend their "short-selling" position by pointing to purported agreed upon terms, statements taken out of context, or statements taken without consideration to Defendants' deceptive and fraudulent misconduct.  <u>See</u> <u>Id.</u> at 24-25.

In brief, Defendants' move to oppose Cyberlux's equitable relief itself reinforces the need for this Court to exercise its broad equitable powers to award proper and sufficient restraints against Defendants, lest Defendants continue to short-sell Cyberlux's common stock.  Thus, Defendants have no legitimate basis to seek dismissal of Cyberlux's equitable relief claim.

## POINT II

## CROSS-MOTION TO CONSOLIDATE

### A.    Consolidation Of This Action And The Removed State Court Action Is Appropriate

FRCP 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, . . . [the court] may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a).

In such instances, district courts have "broad discretion to determine whether consolidation is appropriate," and they "have taken the view that considerations of judicial economy favor consolidation." <u>Linn v. Allied Ir. Banks, PLC</u>, 2004 U.S. Dist. LEXIS 24655, 5-6

(D.N.Y. 2004), <u>citing</u> <u>Johnson v. Celotex Corp.</u>, 899 F.2d 1281, 1285 (2d Cir. 1990); <u>see also</u> <u>Garber v. Randell</u>, 477 F.2d 711, 714 (2d Cir. 1973) (holding that determination of whether to consolidate stockholder suits "rests in the district court's sound discretion."). "So long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." <u>Primavera Familienstiftung v. Askin</u>, 173 F.R.D. 115, 129 (S.D.N.Y. 1997); <u>Pinkowitz v. Elan Corp.</u>, PLC, 2002 U.S. Dist. LEXIS 14593, No. 02 Civ. 865, 2002 WL 1822118, at *2 (S.D.N.Y. July 29, 2002).

One could not imagine a more appropriate situation that calls for consolidation under FRCP 42(a). The underlying disputes in both the Instant Matter and the State Court Action originate from the Transaction Agreements by and between Cyberlux and Defendants. Both Cyberlux and Defendants allege breaches of the other parties' respective obligations under the Transaction Agreements. In fact, both complaints have a cause of action for breach of contract. All questions of law and fact in this action and the State Court Action spring from the relationship between Cyberlux and Defendants and the Transaction Agreements. No confusion or prejudice would result from consolidation of the State Court Action with the instant proceeding and it would serve judicial economy to have one proceeding before this Court that will resolve both sides' allegations and causes of action. Accordingly, Cyberlux respectfully requests that this Court consolidate the State Court Action, removed to this Court in 07-CV-7808.

## <u>CONCLUSION</u>

For the foregoing reasons, Cyberlux respectfully requests that (i) Defendants' motion to dismiss be denied and (ii) Cyberlux's cross-motion to consolidate the State Court Action granted. Should the Court grant Defendants' motion to dismiss, in whole or in part, Cyberlux respectfully requests leave to amend its Complaint.

DATED:    New York, New York        Respectfully submitted,
              October 23, 2007

                                        SAIBER SCHLESINGER SATZ
                                          & GOLDSTEIN, LLC

                                      By:    <u>s/Ernest E. Badway</u>
                                                  Ernest E. Badway, Esq.
                                                    44 Wall Street
                                                    New York, New York 10005
                                                      (212) 461-2323

                                                      *Attorneys for Plaintiff*
                                                      *Cyberlux Corporation*